# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RON YOUNGBLOOD (#315437)**                    **CIVIL ACTION NO.**

**VERSUS**                                       **24-421-SDD-EWD**

**DONNIE BORDELON, ET AL.**

## <u>ORDER</u>

Before the Court are three Motions, filed by Petitioner Ron Youngblood ("Youngblood"), who is incarcerated at the Elayn Hunt Correctional Center ("EHCC"), and who is representing himself. Two of the Motions request that this Court stay these habeas proceedings and the last asks this Court to subpoena the mail logs from EHCC to show that Youngblood did not receive Respondents' Answer to his Petition for Writ of Habeas Corpus until October 16, 2024.[1] All Motions will be denied as moot.[2]

Petitioners seek and courts consider staying habeas cases for one general reason: to allow the petitioner to cure a petition with both exhausted and unexhausted claims by allowing him to proceed through the appropriate state courts to exhaust the unexhausted claims.[3] A stay is a relatively extraordinary remedy because it has the potential to frustrate the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") objectives of encouraging finality and streamlining federal habeas proceedings, so a stay should only be granted in limited circumstances.[4] Youngblood does not ask to stay this case to allow him to exhaust unexhausted

---

[1] R. Docs. 3, 17, & 18. Documents in the Court record are referred to as "R. Doc. ___."

[2] "Moot" means that the motions do not have to be resolved because they no longer have a practical impact on the case for the reasons explained.

[3] *See Rhines v. Weber*, 544 U.S. 269, 278 (2005) (stay and abeyance should be granted only in limited circumstances when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics).

[4] *Id.* at 277

claims in state court; rather, his first request to stay this case was because he wanted more time to amend his petition. This is not a basis to stay a habeas case. Additionally, it appears the first request is moot because, after the filing of the Motion, Youngblood amended his Petition.[5]

Youngblood's second request seeks a stay so that this Court can determine when he received Respondents' Answer to the Petition for Writ of Habeas Corpus ("Answer").[6] Youngblood states that Respondents' Answer was postmarked August 8, 2024, but he did not receive it until October 16, 2024. Youngblood appears to be under the impression that if he did not timely file a reply to Respondents' Answer then the facts alleged in the Answer "shall be accepted as true...."[7] Youngblood requested leave of Court to file his Reply, which was filed on or about October 25, 2024,[8] and the substance of Youngblood's Reply will be considered, so this Motion is also moot. Because the Court will consider Youngblood's Reply, the Motion for Order-Issuance Subpoena Duces Tecum, which asks for records to show that Youngblood did not receive Respondents' Answer until October 16, 2024, will also be denied as moot.

Accordingly,

**IT IS ORDERED** that the Motions,[9] filed by Petitioner Ron Youngblood, are **DENIED AS MOOT.** Youngblood's Memorandum in Support of Petition for Writ of Habeas Corpus, filed on or about June 25, 2024,[10] and his Reply to Respondents' Answer, filed on or about October 25,

---

[5] On or about June 25, 2024, Youngblood filed a Memorandum in Support of Petition for Writ of Habeas Corpus, and it appears this is what Youngblood wanted extra time to file. *See,* R. Doc. 3, p. 1 ("The Amendments refers to the Memorandum in Support connected with the instant matter."); R. Doc. 5. As noted, even if the request was not moot, it would be inappropriate because merely wanting more time to file a petition for writ of habeas corpus is not a valid reason to stay a case and would frustrate the strict time limits imposed by AEDPA. However, as Youngblood's Memorandum was filed less than a month after the Petition and before Respondents answered, it will be considered.

[6] R. Doc. 17.

[7] R. Doc. 17, p. 2.

[8] *See*, R. Docs. 15, 16.

[9] R. Docs. 3, 17, & 18.

[10] R. Doc. 5.

2

2024,[11] will be considered along with his original Petition.[12] The matter is fully briefed, and Youngblood's Petition for Writ of Habeas Corpus will be addressed in due course.[13]

Signed in Baton Rouge, Louisiana, on January 27, 2025.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] R. Doc. 15.

[12] R. Doc. 1.

[13] No further action is required by the parties at this time.